**Lizeth Marin**, OSB #185269
lizeth@nwjp.org
**Corinna Spencer-Scheurich**, OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
812 SW Washington St, Suite 225
Portland, OR  97205
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB #771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR  97113
Telephone: (503) 730-1706
Facsimile: (503) 946-3089

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JENNIFER GOODE, ANIBAL ALVAREZ, SKYLER STARES,** and **VICTOR GONZALEZ,** individuals, | Case No.: 19-1910 |
| Plaintiffs, | COMPLAINT |
| v. | |
| **FM XPRESS LTD**, an Oregon Domestic Business Corporation and **AMAZON LOGISTICS, INC.**, a Foreign Business Corporation, | Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws Contract Claim |
| Defendants. | DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. Jennifer Goode, Anibal Alvarez. Skyler Stares, and Victor Gonzalez ("Plaintiffs") bring this action against FM Xpress LTD, an Oregon domestic business corporation, and

COMPLAINT – 1

Amazon Logistics, Inc., a foreign business corporation (collectively "Defendants") under the Fair Labor Standards Act (29 U.S.C. §§ 201 et seq., "FLSA") to collect unpaid wages. Plaintiffs seek overtime wages due to them under 29 U.S.C. § 207, liquidated damages, and attorney fees under 29 U.S.C. § 216(b).

2. Plaintiffs also seek unpaid wages, penalty wages, statutory damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§ 652.140, 652.150, 652.200, 653.055, and 653.261.

3. Plaintiffs also sues Defendants for their failure to pay Plaintiffs the agreed upon hourly wage for all hours worked for Defendants.

## II. JURISDICTION

4. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the FLSA, 29 U.S.C. §§ 201, et seq., 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

5. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because Multnomah County is in the district of the events giving rise to Plaintiffs' claims.

## III. PARTIES

7. Jennifer Goode, Anibal Alvarez, Skyler Stares, and Victor Gonzalez are natural persons who were employed by Defendants in Portland, Oregon.

COMPLAINT – 2

8. At all times relevant to this action, FM Xpress LTD ("FM Xpress") was an Oregon domestic business corporation operating an Amazon delivery service business. Its principal place of business is Multnomah County. FM Xpress delivers Amazon packages in the Portland metro area. FM Xpress is currently registered as inactive under Oregon's Secretary of State website, but is registered as active under California's Secretary of State website.

9. Defendant Amazon Logistics, Inc. ("Amazon") is a foreign corporation registered to do business in Oregon.

## IV. FACTUAL ALLEGATIONS

10. Defendants employed Jennifer Goode from April 2018 through July 2018, as a professional driver to deliver Amazon products.

11. Defendants employed Anibal Alvarez from August 2018 through October 2018, as a professional driver to deliver Amazon products.

12. Defendants employed Skyler Stares from March 2018 through October 2018, as a professional driver to deliver Amazon products.

13. Defendant employed Victor Gonzalez from December 2017 through October 2018, as a professional driver to deliver Amazon products.

14. Defendants FM Xpress and Amazon, were joint employers of Plaintiffs with respect to the labor performed by Plaintiffs.

15. Defendant FM Xpress is in the business of delivering Amazon products and packages.

16. Defendant Amazon warehouses Amazon products and prepares them into packages for delivery.

17. Defendant Amazon contracted with Defendant FM Xpress to deliver Amazon

goods.

18. Defendant FM Xpress issued Plaintiffs' paystubs.

19. Plaintiffs were required to wear Amazon uniforms consisting of a grey Amazon logo shirt and black pants at all times.

20. On special occasions, Plaintiffs wore different Amazon uniforms, such as Amazon Prime shirts.

21. Plaintiffs were required to use Amazon Android Zebra phones to complete their work duties.

22. On the Amazon phones, Plaintiffs used the app called "Amazon Flex" in order to see their itinerary for the day and to scan and track the location of packages.

23. Plaintiffs would also use the Amazon Flex app to contact Amazon support agents if needed.

24. Plaintiffs would interact with Amazon employees at the end of the day if Plaintiffs had to return a package. The package would be delivered directly to an Amazon employee.

25. Without the delivery services provided by Plaintiffs, Defendant Amazon would not be able to provide the services promised to its customers.

26. Plaintiffs spent their mornings working at the Amazon warehouse.

27. Plaintiffs were told by Defendants to meet for work at a parking lot they reasonably believed was owned by Amazon, located in Northwest Portland.

28. Plaintiffs would meet before or at 7:00 a.m. at this parking lot to inspect and receive keys to the vehicle to which FM Xpress assigned them.

29. From the parking lot, Plaintiffs drove to the Amazon Distribution Center located

COMPLAINT – 4

in Northwest Portland.

30. Once Plaintiffs arrived at the Amazon Distribution Center, Defendants told Plaintiffs to not clock in until 8:00 a.m.

31. From 7:00 am to 8:00 am Defendants did not pay Plaintiff for their hours worked.

32. Defendants prohibited Plaintiffs from taking their meal and rest breaks.

33. Each day, Defendants deducted 30 minutes from Plaintiffs' pay for a meal break that Plaintiffs never received.

34. Plaintiff Goode, was contracted at the rate of $15 per hour.

35. Plaintiff Alvarez, was contracted at the rate of $15 per hour.

36. Plaintiff Stares, was contracted at rates of between $15 and $17.86 per hour.

37. Plaintiff Gonzalez, was contracted at rates of between $15 and $20.85 per hour.

38. Defendants did not pay Plaintiffs' agreed upon rates for all of the hours Plaintiffs worked.

39. Among other weeks, Plaintiff Goode worked 80 regular hours and 33.36 overtime hours, from June 3, 2018, through June 16, 2018, but Ms. Goode was paid for only 78.63 regular hours and 9.73 overtime hours.

40. Defendants' failure to pay Ms. Goode all of her overtime wages and premiums resulted in an overtime wage violation under Oregon and federal law.

41. Among other weeks, Ms. Goode was paid below her contractual rate for all hours worked from July 7, 2018, through July 14, 2018.

42. Among other weeks, Plaintiff Alvarez worked 80 regular hours and 8.63 overtime hours, from September 9, 2018, through September 22, 2018, but Mr. Alvarez was paid for only 79.47 regular hours and .7 overtime hours.

COMPLAINT – 5

43. Defendants' failure to pay Mr. Alvarez all of his overtime wages and premiums resulted in an overtime wage violation under Oregon and federal law.

44. Among other weeks, Mr. Alvarez was paid below his contractual rate for all hours worked from August 26, 2018, through September 8, 2018.

45. Among other weeks, Plaintiff Stares worked 80 regular hours and 10.37 overtime hours, from September 9, 2018, through September 22, 2018, but while Ms. Stares was fully paid for regular hours, she was only paid 2.37 overtime hours.

46. Defendants' failure to pay Ms. Stares all of her overtime wages and premiums resulted in an overtime wage violation under Oregon and federal law.

47. Among other weeks, Ms. Stares was paid below her contractual rate for all hours worked from September, 23, 2018, through October 6, 2018.

48. Among other weeks, Plaintiff Gonzalez worked 80 regular hours and 61.88 overtime hours from July 15, 2018, through July 28, 2018, Mr. Gonzalez was fully paid for regular hours, he was only paid 42.38 overtime hours.

49. Defendants' failure to pay Mr. Gonzalez all of his overtime wages and premiums resulted in an overtime wage violation under Oregon and federal law.

50. Among other weeks, Mr. Gonzalez was paid below his contractual rate for all hours worked from August 12, 2018, through August 25, 2018.

51. Plaintiffs, through their attorney, sent FM Xpress written notice of nonpayment on May 20, 2019, and it was received on May 21, 2019.

52. Plaintiffs, through their attorney, sent Amazon Logistics written notice of nonpayment on May 21, 2019, and it was received on May 22, 2019.

53. To date, Defendants have failed to pay Plaintiffs all of their wages.

## V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA
### (All Defendants)

54. Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs' overtime wages and premiums for work performed for Defendants in excess of forty hours per work week.

55. Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

### Second Claim – Violation of Oregon Overtime Law
### (All Defendants)

56. Defendants violated O.R.S. § 653.261 and its implementing regulations when they failed to pay Plaintiffs overtime wages at a rate of time-and-one-half their hourly wage rate for all hours worked for Defendants in excess of forty hours per work week.

57. Plaintiffs are entitled under O.R.S. § 653.055 to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly rate, and reasonable attorney fees and costs for non-payment of overtime wages.

### Third Claim – Violation of Oregon Timely Payment of Wages Law
### (All Defendants)

58. Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

59. Defendants' failure to pay Plaintiffs all of their wages upon termination of employment was willful.

60. Plaintiffs are entitled under O.R.S. § 652.150 to recover penalty damages in an amount equal to 240 times their hourly rate, plus reasonable attorneys' fees and costs for Defendants' failure to pay Plaintiffs' wages upon termination.

### Fourth Claim- Breach of Contract
### (All Defendants)

61. Defendant FM Xpress and Amazon Logistics, Inc. breached their employment contracts with Plaintiffs by failing to pay wages as agreed upon.

62. Plaintiffs are entitled to damages incurred as a result of Defendant's breach of the employment contracts, including but not limited to unpaid wages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1. Award Plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2. Award Plaintiffs their unpaid overtime wages pursuant to O.R.S. § 653.261, OAR 839-020-0030 and O.R.S. § 653.055;

3. Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 653.055 for failure to pay overtime wages;

4. Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 652.150 for failure to pay Plaintiffs' wages promptly upon termination;

5. Award Plaintiff their unpaid wages for every hour worked and contractual damages;

6. Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorney fees and costs under 29 U.S.C. § 216(b) and O.R.S. §§ 653.055 and 652.200;

7. Award Plaintiffs pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

8. Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 25th day of November, 2019.

COMPLAINT – 8

/s/ Lizeth Marin
**Lizeth Marin**, OSB #185269
lizeth@nwjp.org
Attorney for Plaintiffs

COMPLAINT – 9