Sarah J. Crooks, OSB No. 971512
scrooks@perkinscoie.com
Perkins Coie LLP
1120 N.W. Couch Street Tenth Floor
Portland, OR 97209-4128
Telephone: (503) 727-2252
Facsimile: (503) 346-2252

James P. Walsh, Jr. (admitted *pro hac vice*)
james.walsh@morganlewis.com
Morgan Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone: (609) 919-6647
Facsimile:  (609) 919-6701

Shannon N. Attalla (admitted *pro hac vice*)
shannon.attalla@morganlewis.com
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Telephone: (215) 963-5452
Facsimile:  (215) 963-5001

*Attorneys for Defendant Amazon Logistics, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JENNIFER GOODE, ANIBAL ALVAREZ, SKYLER STARES, and VICTOR GONZALEZ, individuals, <br><br> *Plaintiffs*, <br><br> v. <br><br> FM XPRESS, LTD, an Oregon Domestic Business Corporation and; AMAZON LOGISTICS, INC., A Foreign Business Corporation, <br><br> *Defendants*. | Case No. 3:19-cv-01910-IM <br><br><br> **AMAZON LOGISTICS, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** |

1 – AMAZON'S ANSWER AND DEFENSES

Amazon Logistics, Inc. ("Amazon"), by and through its undersigned counsel, hereby responds to Jennifer Goode, Anibal Alvarez, Skyler Stares, and Victor Gonzalez's (collectively "Plaintiffs") Complaint, as follows:

## I.    INTRODUCTION

1.    Amazon admits that it is a foreign business corporation and that Plaintiffs purport to bring an action asserting violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA").  Amazon denies the remaining allegations in Paragraph 1 to the extent they pertain to Amazon.  To the extent the allegations in Paragraph 1 relate to FM Xpress LTD, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

2.    Amazon admits Plaintiffs seek unpaid wages, penalty wages, statutory damages, and attorney fees for purported violations of Oregon wage and hour laws under O.R.S. §§ 652.140, 652.150, 652.200, 653.055, and 653.261, but Amazon denies that it violated Oregon laws and, specifically, O.R.S. §§ 652.140, 652.150, 652.200, 653.055, and 653.261, or otherwise engaged in any unlawful action.

3.    Amazon admits Plaintiffs purport to sue Defendants for an allege failure to pay "agreed upon hourly wages."  Amazon denies any wrongdoing or unlawful activity and denies the allegations contained in Paragraph 3 to the extent they pertain to Amazon.  To the extent the allegations in Paragraph 3 relate to FM Xpress LTD, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## II.    JURISDICTION

4.    The allegations contained in Paragraph 4 are conclusions of law to which no response is required.

5. The allegations contained in Paragraph 5 are conclusions of law to which no response is required.

6. The allegations contained in Paragraph 6 are conclusions of law to which no response is required.

### III. PARTIES

7. Amazon denies that it employed Plaintiffs at any time relevant to this action. Amazon lacks knowledge of information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8. Amazon admits it contracted with FM Xpress LTD for delivery services in Oregon. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9. Amazon admits that it is a foreign corporation registered to do business in the State of Oregon.

### IV. FACTUAL ALLEGATIONS

10. Amazon denies that it employed Plaintiff Jennifer Goode from April 2018 through July 2018. To the extent the allegations contained in Paragraph 10 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

11. Amazon denies that it employed Plaintiff Anibal Alvarez from August 2018 through October 2018. To the extent the allegations contained in Paragraph 11 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

12. Amazon denies that it employed Plaintiff Skyler Stares from March 2018 through October 2018. To the extent the allegations contained in Paragraph 12 pertain to FM Xpress LTD, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

13. Amazon denies that it employed Plaintiff Victor Gonzalez from December 2017 through October 2018. To the extent the allegations contained in Paragraph 13 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

14. Amazon denies the allegations contained in Paragraph 14.

15. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning FM Xpress LTD.'s "business." By way of further response, Amazon states that, pursuant to a contract, FM Xpress LTD. did deliver items to Amazon customers.

16. The allegations in Paragraph 16 are vague and ambiguous. As such, Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

17. Amazon admits that, pursuant to a contract, FM Xpress LTD. delivered items to customers.

18. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18.

19. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

4 – AMAZON'S ANSWER AND DEFENSES

21. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21.

22. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22, except to state that Amazon Flex is a software application that runs on smart phones to assist in scanning and tracking packages.

23. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23, except to state that an FM Xpress LTD. employee who uses the Amazon Flex application could contact FM Xpress LTD. or third-parties, like Amazon and customers, if needed.

24. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24, except to state that packages that are not delivered are expected to be returned.

25. Amazon denies the allegations contained in Paragraph 25.

26. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, except to state that FM Xpress LTD. employees picked up packages from Amazon's delivery station at 3610 NW St Helens Rd, Portland, OR 97210 to deliver to Amazon customers as contemplated by the contract between Amazon and FM Xpress LTD.

27. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs were told to meet at a parking lot in Northwest Portland. Amazon denies that Plaintiffs had a reasonable belief that any such parking lot was owned by Amazon. And, to the extent the remaining allegations contained in Paragraph 27 pertain to FM Xpress

LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

28. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Amazon denies that it employed Plaintiffs and therefore denies the allegations contained in Paragraph 30. To the extent the allegations contained in Paragraph 30 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

31. Amazon denies that it employed Plaintiffs and therefore denies the allegations contained in Paragraph 31. To the extent the allegations contained in Paragraph 31 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

32. Amazon denies that it employed Plaintiffs and therefore denies the allegations contained in Paragraph 32. To the extent the allegations contained in Paragraph 32 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

33. Amazon denies that it employed Plaintiffs and therefore denies the allegations contained in Paragraph 33. To the extent the allegations contained in Paragraph 33 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

34. Amazon did not employ Plaintiff Goode and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Amazon did not employ Plaintiff Alvarez and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Amazon did not employ Plaintiff Stares and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37. Amazon did not employ Plaintiff Gonzalez and therefore lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38. Amazon did not employ Plaintiffs, therefore, to the extent the allegations contained in Paragraph 38 pertain to Amazon, they are denied.  To the extent the allegations contained in Paragraph 38 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

39. Amazon did not employ Plaintiffs, therefore, to the extent the allegations contained in Paragraph 39 pertain to Amazon, they are denied.  To the extent the allegations contained in Paragraph 39 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

40. Amazon did not employ Plaintiff Goode, therefore, to the extent the allegations contained in Paragraph 40 pertain to Amazon, they are denied.  To the extent the allegations

contained in Paragraph 40 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Amazon did not employ Plaintiff Goode, therefore, to the extent the allegations contained in Paragraph 41 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 41 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

42. Amazon did not employ Plaintiff Alvarez, therefore, to the extent the allegations contained in Paragraph 42 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 42 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

43. Amazon did not employ Plaintiff Alvarez, therefore, to the extent the allegations contained in Paragraph 43 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 43 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

44. Amazon did not employ Plaintiff Alvarez, therefore, to the extent the allegations contained in Paragraph 44 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 44 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

45. Amazon did not employ Plaintiff Stares, therefore, to the extent the allegations contained in Paragraph 45 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 45 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

46. Amazon did not employ Plaintiff Stares, therefore, to the extent the allegations contained in Paragraph 46 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 46 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

47. Amazon did not employ Plaintiff Stares, therefore, to the extent the allegations contained in Paragraph 47 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 47 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

48. Amazon did not employ Plaintiff Gonzalez, therefore, to the extent the allegations contained in Paragraph 48 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 48 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

49. Amazon did not employ Plaintiff Gonzalez, therefore, to the extent the allegations contained in Paragraph 49 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 49 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

50. Amazon did not employ Plaintiff Gonzalez, therefore, to the extent the allegations contained in Paragraph 50 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 50 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

51. Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. Amazon admits that Lizeth Marin, attorney for Plaintiffs, sent a letter dated May 20, 2019, alleging violations of the FLSA, 29 U.S.C. § 216(c), and Oregon wage and hour statutes, O.R.S. §§ 652.750, 652.140, in relation to Plaintiffs Anibal Alvarez, Jennifer Goode, and Skyler Stares, without mention of Plaintiff Victor Gonzalez. The letter asserted that Plaintiffs Alvarez, Goode, and Stares were "not paid for their full hours worked, including overtime premiums."

53. Amazon did not employ Plaintiffs, therefore, to the extent the allegations contained in Paragraph 53 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 53 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## V.   CLAIMS FOR RELIEF
### First Claim – Violation of FLSA
### (All Defendants)

54. Amazon did not employ Plaintiffs, therefore, to the extent the allegations contained in Paragraph 54 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 54 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

55. Amazon did not employ Plaintiffs, therefore, to the extent the allegations contained in Paragraph 55 pertain to Amazon, they are denied. To the extent the allegations contained in Paragraph 55 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### Second Claim – Violation of Oregon Overtime Law
### (All Defendants)

56. Amazon did not employ Plaintiffs and therefore denies the allegations contained in Paragraph 56. To the extent the allegations contained in Paragraph 56 pertain to FM Xpress

LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

57. Amazon did not employ Plaintiffs and therefore denies the allegations contained in Paragraph 57. To the extent the allegations contained in Paragraph 57 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### Third Claim – Violation of Oregon Timely Payment of Wages Law
### (All Defendants)

58. Amazon did not employ Plaintiffs and therefore denies the allegations contained in Paragraph 58. To the extent the allegations contained in Paragraph 58 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

59. Amazon did not employ Plaintiffs and therefore denies the allegations contained in Paragraph 59. To the extent the allegations contained in Paragraph 59 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

60. Amazon did not employ Plaintiffs and therefore denies the allegations contained in Paragraph 60. To the extent the allegations contained in Paragraph 60 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

### Fourth Claim – Breach of Contract
### (All Defendants)

61. Amazon, at all relevant times, was not a party to any employment contracts with Plaintiffs and therefore denies the allegations contained in Paragraph 61. To the extent the

allegations contained in Paragraph 61 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

62. Amazon, at all relevant times, was not a party to any employment contracts with Plaintiffs and therefore denies the allegations contained in Paragraph 62. To the extent the allegations contained in Paragraph 62 pertain to FM Xpress LTD., Amazon lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

## PRAYER FOR RELIEF

63. Amazon admits Plaintiffs seek the relief requested in their "Prayer for Relief" but denies the allegations and assertions contained in Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to any types of remedies, relief, or damages in this action whatsoever.

## GENERAL DENIAL

64. Amazon denies each and every allegation of fact, conclusion of law, or other matter set forth in the Complaint that has not been expressly admitted herein.

## DEFENSES

Amazon asserts the following defenses without conceding that it bears the burden of proof as to any of the following defenses. Amazon reserves the right to assert additional defenses as may be discovered during the course of this litigation and its continued investigation:

65. Plaintiffs' claims are barred, in whole or part, because Plaintiffs were not employed by Amazon and, at all relevant times, never entered into any contract for employment with Amazon.

66. Plaintiffs' claims are barred, in whole or in part, because Amazon is not a joint employer.

67. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have been compensated for all hours worked in accordance with the requirements of the FLSA and applicable Oregon wage and hour laws.

68. Plaintiffs' claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

69. Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to file them within the applicable statute of limitations.

70. Plaintiffs' claims are barred, in whole or in part, to the extent any Plaintiff worked fewer than forty (40) compensable hours during the relevant timeframe.

71. Plaintiffs' claims are barred, in whole or in part, by the FLSA or the Portal-to-Portal Act.

72. Plaintiffs' claims are barred, in whole or in part, to the extent Amazon lacked actual or constructive knowledge of any hours allegedly worked.

73. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

74. Plaintiffs' claims are barred, in whole or in part, to the extent any damages alleged were not proximately caused by, beyond the control of, and unrelated to any actions or conduct of Amazon.

75. Plaintiffs' claims are barred, in whole or in part, to the extent they seek double recovery under the FLSA and Oregon statutory and/or common law for the same conduct and events giving rise to the action.

76. Plaintiffs' Oregon statutory and common law contract claims are barred to the extent they are preempted by the FLSA. *See Helm, et al. v. Alderwoods Group, Inc., et al.,* 696 F. Supp. 2d 1057, 1075-77 (N.D. Cal. July 29, 2009) (holding that claims that are "at least

partially duplicative of claims for unpaid overtime that could be brought under the FLSA" are preempted); *Williamson v. Gen. Dynamics Corp.*, 208 F.3d 1144, 1154 (9th Cir. 2000) (finding that "[c]laims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA"); *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194-95 (4th Cir. 2007) (holding that state claims are preempted where they merely provide a source of additional remedies for the underlying FLSA violations without providing any additional substantive rights); *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914 (D. Az. 2010) (dismissing Oregon wage law claims as preempted by the FLSA); *Formica v. U.S. Environmental, Inc.*, Case No. 2:18-cv-00459 (E.D. Pa. July 11, 2018) (holding same).

77. Plaintiffs are not entitled to punitive damages because Amazon at no time acted willfully in violating the FLSA and/or Oregon wage and hour laws (which it denies violating). Any actions Amazon took relating to the Plaintiffs (if any) were taken in good faith, and it had reasonable grounds for believing that its actions or omissions (if any) did not violate the law.

78. Plaintiffs' claims for damages are barred to the extent that they exceed the amounts recoverable, if any, by applicable law.

79. Plaintiffs' relief, if any, may be limited by the after-acquired evidence doctrine.

80. Plaintiffs' claims are barred, in whole or in part, to the extent that their alleged activity was preliminary, postliminary, and/or *de minimis* and therefore not compensable.

## RESERVATION OF RIGHTS

Amazon reserves the right to amend its Answer and Defenses, including its responses to the allegations of the Complaint, and to add any and all additional defenses as they become known through discovery or investigation.

WHEREFORE, Amazon respectfully submits that the claims asserted in Plaintiffs' Complaint should be dismissed, with prejudice, in their entirety and that Amazon should be awarded its costs incurred in defending this action, as well as any such other and further relief as the Court may deem just and proper.

Dated:  April 13, 2020

Respectfully submitted,

*/s/ James P. Walsh, Jr.*

James P. Walsh, Jr. (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6241
james.walsh@morganlewis.com
Telephone: (609) 919-6647
Facsimile:  (609) 919-6701

Shannon N. Attalla (admitted *pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103
shannon.attalla@morganlewis.com
Telephone: (215) 963-5452
Facsimile:  (215) 963-5001

*Attorneys for Defendant Amazon Logistics, Inc.*